UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMMED F. MUGAHER,

    Plaintiff,

vs.                                                                                                                    Case No. 17-10222

SODECIA CORP.,                                                                                           HON. AVERN COHN

    Defendant.

_____/

# MEMORANDUM AND ORDER
# DENYING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE (Doc. 10)
# AND
# DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE (Doc. 12)[1]

## I. Introduction

This is an employment case. Plaintiff Mohammed F. Mugaher (Mugaher) is proceeding pro se and without payment of the filing fee. Mugaher has sued defendant Sodecia Corp. (Sodecia) claiming that he was discriminated against him in violation of Title VII by paying him less per hour than his co-workers. He says this discrimination was due to his race and national origin.

Before the Court is Sodecia's motion to dismiss for lack of jurisdiction, improper service, and failure to state a claim. (Doc. 10). Also before the Court is Mugaher's motion for the appointment of counsel. (Doc. 12). Both motions will be denied without prejudice. The reasons follow.

---

[1]Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

II. Background

On January 24, 2017, Mugaher filed a Complaint of Employment Discrimination, using the Title VII form complaint provided by the Clerk's Office. He states the dates of the alleged discriminatory conduct as February 15, 2015 to July 2015. The short narrative statement of his claim is as follows:

> I was working with this employer in Sterling Heights then we had a choice to be laid off or transferred to Roseville facility. I wanted to transfer with 5 other workers also we were being paid $11 an hr. I actually made $18 hr. at Sterling Heights. Everyone was paid their regular pay except me. I was paid only $11 an hour.

Mugaher marked the boxes for "race" and "national origin" as the alleged basis for the discriminatory treatment. Attached to the complaint is Mugaher's right to sue letter from the EEOC. The notice states that the EEOC closed its file because it was not able to conclude there was a violation but made no definitive finding. Notably, the EEOC did not close the file on the grounds that Mugaher was untimely in filing a charge. The right to sue letter is dated October 26, 2017. Mugaher's complaint was filed within 90 days of the right to sue letter.

III. Motion to Dismiss

A. Legal Standard

Under Rule 12(b)(6) a complaint must be dismissed if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). The plausibility standard demands more than a "sheer possibility that a defendant has acted unlawfully." Id. Rather, for a claim to be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. at 1949. Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading. Fed. R. Civ. P. 12(b)(6). The Court need not accept as true "legal conclusions or unwarranted factual inferences." In Re Packaged Ice Antitrust Litig., 723 F. Supp. 2d 987, 1002 (E.D. Mich. 2010) (quoting Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007)).

The Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

B. Analysis

Defendant says that Mugaher's complaint must be dismissed (1) for lack of subject matter jurisdiction, (2) for improper service (3) for failure to state a claim.

As to improper service, Mugaher named Sodecia Corp. as defendant. The proper entity is Sodecia USA Automotive Corp. Despite this error, Sodecia was served at a proper address, retained counsel, and filed a dispositive motion. Moreover, as Sodecia notes, Mugaher can amend the complaint to name the proper corporate defendant. Thus, the Court declines to dismiss the complaint on this ground.

Sodecia's lack of subject matter jurisdiction and failure to state a claim arguments are based in part on the same premise - that Mugaher failed to timely file a charge with the EEOC. Regardless of whether the failure to file a timely charge is considered jurisdictional or simply failure to state a plausible claim, the question of whether Mugaher's charge was timely filed will be considered below.

Prior to bringing a claim of employment discrimination under Title VII, a plaintiff is required to exhaust her administrative remedies by filing a timely charge with the EEOC

and receiving a right to sue letter. Nichols v. Muskingum Coll., 318 F.3d 674, 677 (6th Cir. 2003) (citations omitted). Failure to do so is cause for dismissal. Hunter v. Sec'y of U.S. Army, 565 F.3d 986, 993 (6th Cir. 2009) (citing cases).

Under 42 U.S.C. § 2000e-5(e)(1), a charge is timely if it is filed with the EEOC within 180 days from the date of the alleged discrimination. "A claim is time barred if it is not filed within these time limits." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002).

Here, Sodecia says that the complaint alleges discriminatory conduct occurred from February 15, 2015 to July 2015. Sodecia also says that Mugaher filed his charge on May 10, 2016 which is more than 180 days from February 2015. The record, however, does not contain a copy of Mugaher's charge from which to verify that it was filed on May 10, 2016. Moreover, the EEOC did not dismiss the charge as untimely which is an option on the right-to-sue letter. The EEOC dismissed Mugaher's charge because "it was unable to conclude that the information obtained establishes violations of the statutes." Based on the record as it stands, the Court cannot say that Mugaher's charge was untimely.

Finally, Sodecia also says that the complaint must be dismissed because Mugaher's "blanket assertions of discrimination are contrary to the true facts in this matter." Sodecia goes on to detail a factual narrative of Mugaher's employment with Sodecia. For the most part, Mugaher's response does not challenge Sodecia's rendition of the facts. Both parties agree on the following:

1. Mugaher worked at Sodecia's Sterling Heights facility.

2. In February 2015, Mugaher was given the option for a layoff or a transfer

4

>    to Sodecia's Roseville facility.
>
> 3. Mugaher chose the transfer.
>
> 4. Mugaher was paid approximately $11 per hour at Roseville, a decrease from the approximately $18 per hour at the Sterling Heights facility.
>
> 5. In March 2015, Mugaher received a raise from $11.06 per hour to $11.27 per hour.
>
> 6. Mugaher was laid off from Roseville in June of 2015.
>
> 7. On July 2015, Mugaher returned to Sterling Heights at his prior wage rate of $18.15 per hour.

From the above, Sodecia says that Mugaher cannot make out a plausible claim for discrimination. Sodecia's argument proves too much. First, Sodecia relies on an affidavit from a Human Resources Manager and a document from Mugaher's personnel file in support–both of which are clearly outside of the pleadings for considering on a motion to dismiss. Second, while Sodecia says that according to its records, Mugaher was paid all the wages to which he was entitled, it fails to understand the basis for Mugaher's discrimination claim–that he was paid less than his co-workers who were also transferred from Sterling Heights to Roseville which he believes was due to his race and national origin. Mugaher says in his response that while others were paid $18 at Roseville, he was paid only $11. He further says that his co-workers, identified by their first name, who also transferred from Sterling Heights to Roseville were paid their "regular pay" but he was not. Giving Mugaher's response to Sodecia's motion a liberal construction, it cannot be said that Mugaher has failed to make out a plausible claim for discrimination.

5

IV.  Motion for Appointment of Counsel

As to Mugaher's motion for the appointment of counsel, an indigent plaintiff in a civil action, unlike a criminal defendant, has no constitutional right to the appointment of counsel.  <u>Lanier v. Bryant</u>, 332 F.3d 999, 1006 (6th Cir. 2003); <u>Lavado v. Keohane</u>, 992 F.2d 601, 605 (6th Cir. 1993).  Rather, the appointment of counsel is a "privilege justified only by exceptional circumstances."  <u>Lavado</u>, 992 F.2d at 606 (citations omitted).  Whether to appoint counsel for an indigent plaintiff in a civil action is a matter within the discretion of the district court.  <u>Id</u>. at 604.  In making the determination of whether the circumstances warrant the appointment of counsel, courts are to consider the type of case presented and the abilities of the plaintiff to represent himself.  <u>Id</u>. at 606 (citations omitted).  Evaluation of these factors in turn "generally involves a determination of the complexity of the factual and legal issues involved." Id. (internal quotation marks and citation omitted).

Here. Mugaher is unable to afford counsel but he has not demonstrated that his circumstances are different from those in which most pro se litigants find themselves, and her allegations do not suggest any facts or issues that would be exceptionally difficult to present.  Thus, the Court finds that the interests of justice do not require the appointment of counsel at this time.

V.  Conclusion

For the reasons stated above, Sodecia's motion to dismiss is DENIED WITHOUT PREJUDICE.

6

Mugaher's motion for appointment of counsel is DENIED WITHOUT PREJUDICE to his ability to raise the issue again at a later date if circumstances warrant.

Defendant shall file an answer to the complaint within twenty (20) days of this order. The Clerk shall schedule a status conference for a date after the answer is due to be filed.

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: June 12, 2017  
      Detroit, Michigan